A. CLIFTON HODGES (State Bar No. 046803)
HODGES AND ASSOCIATES
4 East Holly Street, Suite 202
Pasadena, California 91103
Telephone: (626) 564-9797
Facsimile: (626) 564-9111
Attorneys for Plaintiff Ephraim Tekle

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
SARA R. ROBINSON (State Bar No. 147437)
Assistant United States Attorney
CAROLINE M. BURGUNDER (State Bar No. 217330)
Assistant United States Attorney
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6585/8805
    Facsimile: (213) 894-5900/7819
    Email: Sara.Robinson@usdoj.gov
          Caroline.M.Burgunder@usdoj.gov

Attorneys for Federal Defendants United States of America, Keith Boden, Thomas Jankowski and David M. Hawkes

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EPHRAIM TEKLE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. CV-01-03894-RSWL (SHx) <br><br> **PROTECTIVE ORDER** <br><br><br> The Honorable Stephen J. Hillman |

Pursuant to the parties' Stipulation for Protective Order, 5 U.S.C. §§ 552a(b)(11), 552(b)(2) and 552(b)(7)(E), and Rule 26 of the Federal Rules of Civil Procedure, IT IS ORDERED that Federal Defendants are authorized to release to Plaintiff's counsel and this Court the "described materials" set forth below. Such disclosure of the "described materials" is subject to the following conditions:

1. The "described materials" consist of records from the Federal Law Enforcement Training Center, a component of the Department of Homeland Security, regarding the training of Defendants Keith Boden, David Hawkes and Thomas Jankowski. Those documents have been bates numbered 0000001 through 0000647. Pursuant to 5 U.S.C. § 552(b)(2) and (b)(7)(E), the "described materials" are exempt from disclosure under the Freedom of Information Act, as "records related solely to the internal personnel rules and practices of an agency," and "records or information compiled for law enforcement purposes" that "disclose techniques and procedures for law enforcement investigations or prosecutions," and/or "disclose guidelines for law enforcement investigations or prosecutions." Improper disclosure of said documents "could reasonably be expected to risk circumvention of the law."

2. For purposes of this Protective Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).

3. The "described materials" and any other government records subject to this Protective Order shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" OR "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Answers to interrogatories, if any, that contain protected information derived from records subject to this

Protective Order also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosures of those records or that information without further Order of the Court.

4. The "described materials" and any government documents or information produced by Federal Defendants that are designated as subject to this Protective Order shall be used by the Plaintiff or his representative(s) only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the Plaintiff or his representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

5. Except as otherwise ordered by this Court, the "described materials" and any other government documents or information subject to this Protective Order may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action; (d) persons whom counsel determine may be called as witnesses in this case, **except that if either party seeks to show any documents or information subject to the Protective Order to any current inmate, or former inmate, both parties must consent to the disclosure in writing.**

2

      6. All individuals to whom documents or information subject to this Protective Order are disclosed, other than the Court and Court personnel, shall be informed of and shall agree with the terms of this Protective Order, and shall not otherwise disclose the documents or information subject to this Protective Order to the public or to any person or entity, and shall acknowledge in writing their having read this Protective Order and their agreement to comply with the provisions of this Order.  Plaintiff's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded.  Should Plaintiff or his counsel wish to disclose records or information subject to this Protective Order to any persons other than those indicated in this paragraph and paragraph 5, above, Plaintiff's counsel must obtain Federal Defendants' consent in writing.  If Federal Defendants do not consent to disclosure, then Plaintiff or his counsel may, on motion, seek modification of the Protective Order from the Court, utilizing Local Rule 37.

      7. Each party reserves the right to move to modify the terms of this Protective Order, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

      8. Unless the Court has previously ruled that a document or information is not subject to this Protective Order, the "described materials" and any other government documents or information subject to this Protective Order may be presented to the Court only with an application to file the document or information under seal, or by written stipulation of the parties.  Should the parties seek to use documents or information subject to this Protective Order in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), the parties must first either stipulate in writing to the use of any such

documents, or obtain an Order from the Court ruling that the information is relevant and may be publicly disclosed.

9. Any protected documents and discovery responses, and all copies thereof, produced in connection with this action must be returned by the Plaintiff or other receiving party to Federal Defendants upon the conclusion of this case, including any subsequent appeals. Within thirty days of the conclusion of this action and any subsequent appeals, Plaintiff or Plaintiff's counsel or other person receiving protected documents and discovery responses must certify in writing that all protected documents and discovery responses, and all copies thereof, have been returned to Federal Defendants. Within forty-five days of the termination of this case, including any subsequent appeals, Plaintiff or Plaintiff's counsel or other person receiving protected documents and discovery responses must also certify in writing that any documents they or their attorneys or agents have created which contain information protected hereunder derived solely from the protected documents and discovery responses have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a Court of Appeals in connection with this action.

10. Neither the United States Department of Justice, the United States Attorney's Office, the Department of Homeland Security, the Federal Law Enforcement Training Center, the Internal Revenue Service, nor any of its officers, agents, employees, or attorneys, shall bear any responsibility or liability for any disclosure of any documents obtained by Plaintiff's counsel under this Protective Order, or of any information contained in such documents.

11. This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the

1  relevance, or admissibility of any record, other than objections based on the
2  Privacy Act.
3      12.  Other than explicitly set forth herein, this Protective order does not
4  apply to any information or documents subject to a claim of privilege or other basis
5  of exclusion, and this Protective Order shall not be precedent for adopting any
6  procedure with respect to the disclosure of any such other information.

   SO ORDERED this 4th day of November, 2008.

                        / s /
   _____
   HONORABLE STEPHEN J. HILLMAN
   MAGISTRATE JUDGE,

5