1  A. CLIFTON HODGES (State Bar No. 046803)
   HODGES AND ASSOCIATES
2  4 East Holly Street, Suite 202
   Pasadena, California 91103
3  Telephone: (626) 564-9797
   Facsimile: (626) 564-9111
4  Attorneys for Plaintiff Ephraim Tekle

5  THOMAS P. O'BRIEN
   United States Attorney
6  LEON W. WEIDMAN
   Assistant United States Attorney
7  Chief, Civil Division
   SARA R. ROBINSON (State Bar No. 147437)
8  Assistant United States Attorney
   CAROLINE M. BURGUNDER (State Bar No. 217330)
9  Assistant United States Attorney
       Room 7516 Federal Building
10     300 North Los Angeles Street
       Los Angeles, California 90012
11     Telephone: (213) 894-6585/8805
       Facsimile: (213) 894-5900/7819
12     Email: Sara.Robinson@usdoj.gov
              Caroline.M.Burgunder@usdoj.gov
13
   Attorneys for Federal Defendants United
14 States of America, Keith Boden, Thomas
   Jankowski and David M. Hawkes

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EPHRAIM TEKLE, | No. CV-01-03894-RSWL (SHx) |
| Plaintiff, | **PROTECTIVE ORDER RE FIRST AMENDED STIPULATION FOR PROTECTIVE ORDER** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | The Honorable Stephen J. Hillman |

1      Pursuant to the parties' First Amended Stipulation for Protective Order, 5
2  U.S.C. §§ 552a(b)(11), 552(b)(2) and 552(b)(7)(E), and Rule 26 of the Federal
3  Rules of Civil Procedure, IT IS ORDERED that Federal Defendants are authorized
4  to release to Plaintiff's counsel and this Court the "described materials" set forth
5  below.  Such disclosure of the "described materials" is subject to the following
6  conditions:
7      1. The "described materials" consist of records from the Federal Law
8  Enforcement Training Center, a component of the Department of Homeland
9  Security, regarding the training of Defendants Keith Boden, David Hawkes and
10 Thomas Jankowski.  Those documents have been bates numbered FLETC-1
11 through FLETC-1107.  Pursuant to 5 U.S.C. § 552(b)(2) and (b)(7)(E), the
12 "described materials" are exempt from disclosure under the Freedom of
13 Information Act, as "records related solely to the internal personnel rules and
14 practices of an agency," and "records or information compiled for law enforcement
15 purposes" that "disclose techniques and procedures for law enforcement
16 investigations or prosecutions," and/or "disclose guidelines for law enforcement
17 investigations or prosecutions."  Improper disclosure of said documents "could
18 reasonably be expected to risk circumvention of the law."
19     2. For purposes of this Protective Order, the term "record" shall have the
20 same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).
21     3. The "described materials" and any other government records subject to
22 this Protective Order shall be marked "PRODUCED SUBJECT TO PROTECTIVE
23 ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar
24 marking, and may be used only for purposes of this litigation.  For any government
25 records, such as computer data, whose medium makes such stamping
26 impracticable, the diskette case and/or accompanying cover letter shall be marked
27 "PRODUCED SUBJECT TO PROTECTIVE ORDER" OR "SUBJECT TO
28 PROTECTIVE ORDER" or contain a similar marking.  Answers to interrogatories,

if any, that contain protected information derived from records subject to this Protective Order also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation.  Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosures of those records or that information without further Order of the Court.

     4.  The "described materials" and any government documents or information produced by Federal Defendants that are designated as subject to this Protective Order shall be used by the Plaintiff or his representative(s) only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the Plaintiff or his representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

     5.  Except as otherwise ordered by this Court, the "described materials" and any other government documents or information subject to this Protective Order may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action; (d) persons whom counsel determine may be called as witnesses in this case, **except that if either party seeks to show any documents or information subject to the Protective Order to any current inmate, or former inmate, both parties must consent to the disclosure in**

**writing.**

6. All individuals to whom documents or information subject to this Protective Order are disclosed, other than the Court and Court personnel, shall be informed of and shall agree with the terms of this Protective Order, and shall not otherwise disclose the documents or information subject to this Protective Order to the public or to any person or entity, and shall acknowledge in writing their having read this Protective Order and their agreement to comply with the provisions of this Order. Plaintiff's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should Plaintiff or his counsel wish to disclose records or information subject to this Protective Order to any persons other than those indicated in this paragraph and paragraph 5, above, Plaintiff's counsel must obtain Federal Defendants' consent in writing. If Federal Defendants do not consent to disclosure, then Plaintiff or his counsel may, on motion, seek modification of the Protective Order from the Court, utilizing Local Rule 37.

7. Each party reserves the right to move to modify the terms of this Protective Order, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

8. Unless the Court has previously ruled that a document or information is not subject to this Protective Order, the "described materials" and any other government documents or information subject to this Protective Order may be presented to the Court only with an application to file the document or information under seal, or by written stipulation of the parties. Should the parties seek to use documents or information subject to this Protective Order in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert

3

report), the parties must first either stipulate in writing to the use of any such documents, or obtain an Order from the Court ruling that the information is relevant and may be publicly disclosed.

9. Any protected documents and discovery responses, and all copies thereof, produced in connection with this action must be returned by the Plaintiff or other receiving party to Federal Defendants upon the conclusion of this case, including any subsequent appeals. Within thirty days of the conclusion of this action and any subsequent appeals, Plaintiff or Plaintiff's counsel or other person receiving protected documents and discovery responses must certify in writing that all protected documents and discovery responses, and all copies thereof, have been returned to Federal Defendants. Within forty-five days of the termination of this case, including any subsequent appeals, Plaintiff or Plaintiff's counsel or other person receiving protected documents and discovery responses must also certify in writing that any documents they or their attorneys or agents have created which contain information protected hereunder derived solely from the protected documents and discovery responses have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a Court of Appeals in connection with this action.

10. Neither the United States Department of Justice, the United States Attorney's Office, the Department of Homeland Security, the Federal Law Enforcement Training Center, the Internal Revenue Service, nor any of its officers, agents, employees, or attorneys, shall bear any responsibility or liability for any disclosure of any documents obtained by Plaintiff's counsel under this Protective Order, or of any information contained in such documents.

11. This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly

4

discoverable and does not constitute any ruling on any potential objection to the relevance, or admissibility of any record, other than objections based on the Privacy Act.

12. Other than explicitly set forth herein, this Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

SO ORDERED this 7th day of November, 2008.

/s/
HONORABLE STEPHEN J. HILLMAN
MAGISTRATE JUDGE,
UNITED STATES DISTRICT COURT